### GRAY et al. v. TATE et al.    (No. 1450.)

(Court of Civil Appeals of Texas. El Paso. May 10, 1923.)

1. Landlord and tenant �köö72—Lessees held expressly obligated to keep premises and pay rent for full term.

Contract whereby T. agrees to erect a building on a certain lot, G. agrees to pay to T. $125 as rent per month, rents to begin as soon as building is completed and to be due and payable monthly in advance, and T. agrees to lease to G. said building and lot for three years at $125 per month, expressly obligates G. to keep the premises and pay the rent for three years.

2. Landlord and tenant �köö208(1)—Lessee, expressly obligated to pay rent for full term, not released by assignment.

A lessee, expressly obligated to keep the premises and pay rent for the full term, is not relieved from his obligation by making an assignment of the lease, notwithstanding the lessor's acquiescence in the assignment.

**3. Landlord and tenant ⚖═208(2)—Assignee accepting assignment of lease jointly liable with lessee for rent.**

The assignee of a lease, on accepting the assignment, becomes jointly liable with the lessee to the lessor for the rent.

**4. Landlord and tenant ⚖═208(2)—As between lessee and assignee of lease, assignee primarily liable for rent.**

As between lessee and assignee of lease, the assignee is primarily liable for the rent, and the lessee's liability is in the nature of suretyship; so that the lessee is entitled to recover over against the assignee for any rent which the lessee is required to pay by reason of the assignee's default.

**5. Landlord and tenant ⚖═223(7) — Lessee's expense for agreed improvement offset to rent claim.**

A lessee may offset against rent charge the expense of shelving which he put in on the lessor's failing in his express agreement to do so.

**6. Landlord and tenant ⚖═223(6)—Expense and damage from defective roof offset against rent.**

Damages to lessee's stock of goods from defectively constructed roof and expense of repairing the roof can be offset against rent claim, the lessor having expressly agreed to build a house and lease it to lessee, which necessarily means that he would put a proper roof on it.

**7. Landlord and tenant ⚖═223(7)—Expense of unauthorized improvement by lessee no offset to rent.**

The expense of a porch which the lessee built on the leased building cannot be offset against rent claim; the lessor not agreeing that there should be a porch, and the specification of the building which he contracted to build and lease not requiring one.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by A. A. Tate against H. H. Gray and others. From judgment adverse to Gray and one other defendant, they appeal. Reversed and remanded.

Butts & Wright, of Cisco, and Callaway & Callaway, of Comanche, for appellants.

Smith & Woodruff, of Comanche, for appellees.

HIGGINS, J. The appellee Tate and appellants entered into a written contract as follows:

"Contract and agreement made and entered into this the 30th day of October, A. D. 1919, by and between A. A. Tate, party of the first part and H. H. Gray and R. R. Little, parties of the second part.

"Party of the first part agrees to construct a building 30 by 100 feet on lot No. 9, block No. 19, in the town of Sipe Springs, Tex., in the county of Comanche. Also to build 70 feet shelving in the above-mentioned building; building to be built as soon as contractors can build same, excepting unavoidable delays, caused by inclement weather conditions, lack of building material, etc.

"Parties of the second part agree to pay to the party of the first part the sum of $125 as rent per month, and rents to begin as soon as building is completed.

"Parties of the first part agree to lease to parties of the second part the building and lot above described for three years at $125 (one hundred and twenty-five dollars) per month.

"Said rents to be due and payable the first of each month in advance."

It was the purpose of Gray & Little to use the building in conducting therein a retail hardware and furniture business, of which purpose Tate was informed at the time the contract was made. Upon the completion of the building, about January 1, 1920, Gray & Little moved into same and occupied it until the following March or April when they vacated the premises and assigned their lease to R. Y. Bracken and W. W. Byers. During the period of their occupancy Gray & Little paid the monthly rentals by depositing same in bank to Tate's credit. After the assignment Bracken and Byers in like manner paid the rentals for a time and then defaulted. Subsequently, but prior to the expiration of three years from the date of the completion of the building, Tate filed this suit against the original lessees and their assignees to recover the entire rental accrued and to accrue up to the expiration of the lease.

Gray & Little answered by general demurrer, a special exception to the effect that recovery was sought of rentals which were not due at the time the suit was filed, a general denial, a counterclaim for damages arising out of the alleged failure of Tate to construct the building in a manner suitable and necessary for the purpose for which it was intended to be used; that the roof was defective and leaked, damaging their stock in the sum of $500; that it became necessary to repair the roof which they did at an expense of $75; that Tate failed to put in the shelving and which they were obliged to put in at an expense of $90; that they were obliged to expend $75 in constructing a porch in front of the building which was necessary. Another item of damage in the sum of $1,-000 was set up but need not be noticed, as the damage claimed is speculative and remote. The answer also set up the assignment to Bracken and Byers and asked for judgment over against them.

Upon the trial plaintiff dismissed as to the rentals accruing subsequent to the filing of the suit and the court peremptorily instructed the jury to find a verdict as follows: In favor of Tate against Gray and Little for the rent accruing to the date the suit was filed; in favor of Bracken and Byers against the suit of Tate; that Gray and Lit-

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tle take nothing by their cross-action against Bracken and Byers. Verdict was returned and judgment rendered in accordance with this instruction, from which Gray and Little appeal.

The assignments will be considered in their logical order rather than the order presented in the brief.

[1, 2] Under the fourth assignment it is contended that the appellants were not liable for any rents accruing subsequent to the date they surrendered possession of the premises to their assignees. This is predicated upon the assumption that there was no express covenant upon the part of the lessees to pay rent and upon their assignment, which was acquiesced in by the lessor, they were released from further liability for rent. But the proper construction of the written contract expressly obligates the lessees to keep the premises for three years and to pay the monthly rental for the full term. This being true, the assignment did not operate to relieve the lessees from their obligation, and this is true notwithstanding the lessor's acquiescence in the assignment. Cauble v. Hanson (Tex. Civ. App.) 224 S. W. 922; s. c. (Tex. Com. App.) 249 S. W. 175.

[3, 4] The second and third assignments complain of the instruction to find in favor of Bracken and Byers upon both the plaintiffs' suit and the cross-action of Gray & Little. Upon the assignment of the lease to Bracken and Byers and its acceptance by them they became liable to Tate for the payment of the stipulated rental jointly with Gray & Little. Furthermore, as between the original lessees and the assignees, the latter became primarily liable for its payment and the liability of the original lessees became in the nature of suretyship. Such lessees were entitled to recover over against the assignees for any rental which they might be required to pay by reason of the assignees' default. Cauble v. Hanson, supra. See, also, cases cited in note 52 L. R. A. (N. S.) pp. 973 and 978. The court therefore erred in its instruction, for it imposed the liability for the rental solely upon the original lessees, and likewise precluded them from their right to recover over against the assignees.

[5, 6] The court also erred in charging the jury to find against the lessees upon their cross-action for damages against Tate, as complained of in the first assignment. The contract obligated Tate to put in 70 feet of shelving, and there is evidence that he failed to do so, and the lessees at their own expense had been compelled to put it in. There is also evidence which is not disputed that the roof was defectively and improperly constructed, in consequence of which it leaked and damaged some of the stock of goods belonging to Gray & Little, particularly some mattresses. It is also shown that it was necessary for the lessees to expend $57 in repairing the roof. The foregoing items were proper offsets to the claim for rents. In this connection appellee relies on various decisions of our courts which, in effect, hold that, in the absence of an express stipulation, there is no implied covenant that the demised premises are suitable or fit for the particular use to which the lessee intends to apply same and that the landlord is not bound to repair, in the absence of an agreement upon his part to do so. These cases have no application, for here the lessor expressly agreed to build a house and lease it to appellants. This necessarily meant that he would put a proper roof upon it, and for his default in that respect he is liable in damage for any injury resulting under the established rules for the award of damage.

[7] For the cost of the shelving he is liable because he expressly agreed to put it in and failed to do so. However, upon the record here presented, appellants were not entitled to offset the cost of the porch which they built. The specifications of the building contained in the contract do not require that it should have a porch attached, and in the present state of the pleadings and evidence the contract as it is written controls.

The remaining assignments are without merit, and are overruled.

Reversed and remanded.