**F. E. CARTER, Appellant,**

v.

**Roy STOVALL, Appellee.**

No. 6603.

Court of Civil Appeals of Texas.

Amarillo.

June 4, 1956.

Rehearing Denied June 25, 1956.

A. W. Salyars, Lubbock, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

NORTHCUTT, Justice.

This is an action brought by Roy Stovall, as plaintiff, against F. E. Carter and W. H. Houser, as defendants, to recover from the defendants the balance alleged to be due as rent on a written rental contract entered into between the parties on January 1, 1950. Roy Stovall, as lessor, and F. E.

Carter and W. H. Houser, as lessees, made and entered into a lease contract whereby Roy Stovall leased to Carter and Houser a certain building known as the Palace Drug Store on Burlington Avenue in the City of Spur, Dickens County, Texas, for the term of five years beginning the first day of January A. D. 1950 and ending the 31 day of December 1954. The consideration for such lease was the sum of $6,000 payable in 60 monthly installments in the amount of $100 each. The first of such installments coming due and payable on or before the first day of January 1950 and one of such becoming due and payable on or before the first of each succeeding month thereafter through the term of the lease. The lessee was to pay the rent at Spur in Dickens County, Texas, monthly in advance as the same should fall due and payable. Since it was called to the court's attention that Mr. Houser was deceased, the case was dismissed as to him and there is no question raised any further as to Mr. Houser. There were several matters presented to the court but finally the plaintiff made and presented his motion for summary judgment and both parties filed and presented their affidavits in connection with such motion. The trial court sustained the motion for summary judgment and granted judgment for the plaintiff in the sum of $1,081.50 together with interest at the rate of 6 per cent from the date of judgment. From this judgment the defendant perfected this appeal and he will hereafter be referred to as appellant and the plaintiff as appellee. The appellant presents this appeal upon three points of error as follows:

*"First Point:*

"The trial court erred in rendering summary judgment for plaintiff.

*"Second Point:*

"The trial court erred in rendering summary judgment for plaintiff and refusing to grant defendant a trial by jury on the questions of fact raised by the pleadings and affidavits.

*"Third Point:*

"The trial court erred in rendering summary judgment for plaintiff because as a matter of law the pleadings and defense of F. E. Carter, supported by the affidavits of F. E. Carter and Mrs. Barbara E. Johnston, raised a question of fact as to whether or not plaintiff had waived his rights under the rental contract sued on and was estopped to assert any claim thereunder, defendant Carter having requested trial by jury on such fact questions."

However, all three of the above points were presented together and the sole contention being made by the appellants resolves itself down to the point as to whether or not the fact that Mr. Stovall accepted rent from other occupants of the building and acted in such manner by doing so that he released Mr. Carter under the terms of the lease contract.

We think the undisputed record in this case shows that after the above lease was made and entered into by and between Mr. Stovall and Mr. Carter and Houser that Mr. Carter and Mr. Houser took immediate possession of the premises and paid the monthly rentals and continued to do so until October 1, 1951, and at that time one H. J. Burt took possession of such premises and remained therein and operated the drug store until some time around September of 1953. There is no question about any rents up until in September 1953. Some time during September 1953 Mrs. Barbara Johnston took possession of said premises and operated a drug store therein until some time in 1954. It is during the occupancy by Mrs. Johnston that the rents became delinquent and unpaid.

It is undisputed that Mr. Stovall collected the rents that were collected from each of the parties being in possession of the premises and did grant Mrs. Johnston additional times to pay the rent when she was unable to pay the $100 a month as provided for in the contract. There is nothing in the record to show that Mr. Stovall ever informed Mr. Carter that Mrs. Johnston was behind in her rents and nei-

ther did Mr. Carter ever check with Mr. Stovall to see whether the rents were paid or not. There is nothing in this record contesting the amount of the unpaid rents due under the terms of the contract and the sole question presented here is as to whether or not Mr. Stovall is estopped to assert any right or claim under the lease agreement with Mr. Carter because of Mr. Stovall's acts and dealings with Mr. Burt and Mrs. Johnston.

■ It is contended that the assignment of the lease contract by the lessee with the consent of the lessor by his actions in dealing with the sublessees, as was done in this case, destroyed the privity of estate as between the lessor and original lessee should be released from further payment of the rent. We think that it is true that the assignment of the lease contract with the consent of the lessor destroyed the privity of the estate between the lessor and lessee but, notwithstanding the assignment, there still remains privity of contract between them and the lessee remains liable to the lessor on his covenant to pay rent and the fact that the plaintiff accepted rent from the assignee or assignees does not change the rule.

■ In an assignment by the lessee of a lease, there still remains privity of contract between the lessor and the original lessee, and there is also privity of estate between the lessor and assignee, enabling the lessor to recover from either the original lessee or assignee upon the original lessee's covenant to pay rent.

■ It is stated in Kirby v. Tips, Tex. Civ.App., 67 S.W.2d 661, 668, writ refused: "We cannot agree with the contention of all of appellants that the granting of a written permission of the lessors for the assignments of the lease released the prior assignees. This question was decided in favor of appellees in the case of Cauble v. Hanson, before cited [Tex.Civ. App., 224 S.W. 922.]." We are of the opinion that if the giving of written permission of the lessor for the lessee to assign the lease would not release the original lessee, that, certainly the acts of the lessor for merely accepting the payments of the rent from the sublessee and working with the sublessee in every way possible to keep from forcing the original lessee from paying the rent would be to the lessee's advantage and would not be construed as releasing the original lessee. There is no question in this case of any actual expressed release and could only arise by his action as above stated.

■ It is stated in the case of Gaddy v. Rich, Tex.Civ.App., 59 S.W.2d 921, 922, as follows: "But where, as in this case, the lessee is bound by an express covenant to pay the rent through the lease period, he is liable to the lessor for all unpaid rents in case of the default of the assignee, notwithstanding the lessor has by his conduct waived the right to insist upon the stipulation for written consent to assignment. Notice of assignment, the acceptance of rents from the assignee, and like circumstances by which the lessor may waive the stipulation for written consent to assignment, do not effect a release of the lessee from liability. Such release must be expressed; it cannot arise by implication. 16 R.C.L. p. 845, § 345 et seq.; Note 52 L.R.A.,N.S., 971 et seq.; Cauble v. Hanson, Tex.Com.App., 249 S.W. 175; Johnson v. Neeley, Tex.Civ.App., 36 S.W.2d 799; Speed v. Jay, Tex.Civ.App., 267 S.W. 1033; Gray v. Tate, Tex.Civ.App., 251 S.W. 820; Goffinet v. Broome [& Baldwin], Tex.Civ.App., 208 S.W. 567; King v. Grubbs, Tex.Civ.App., 275 S.W. 855, 857."

Judgment of the trial court is affirmed.