James SHOOMAN, Appellant,

v.

Mrs. D. E. (Lemma) McAUGHAN, a widow, et al., Appellees.

No. 4090.

Court of Civil Appeals of Texas.

Eastland.

June 10, 1966.

Rehearing Denied June 24, 1966.

Thomas E. Lucas, Hal S. Hudson, Houston, for appellant.

Bobbitt & Kraft, James F. Bobbitt, D. R. Bernard, Houston, for appellees.

COLLINGS, Justice.

Mrs. D. E. (Lemma) McAughan, a widow, and the estate of Henry Kaplan, deceased, by and through the executor and trustee under his will, brought suit against Charles Lozano and James Shooman to recover rentals under a 5 year lease contract entered into between Mrs. McAughan and Henry Kaplan, as lessors, and James Shooman and Charles Lozano, as lessee. The defendants filed a general denial. Plaintiffs filed a motion for summary judgment which was set for hearing and granted. James Shooman has appealed.

Appellees attached as exhibits to their original petition the lease which is the basis of this suit. By the terms of the lease, the lessees covenanted to pay lessors $24,000.00 in monthly installments of $400.00 each. Appellees alleged that on August 15, 1963, Chares Lozano, one of the lessees, assigned the lease to appellant James Shooman, the other lessee. A copy of this assignment was also attached to appellees' petition. By the terms of the assignment Shooman covenanted to: "—assume and to pay and perform all rents and other obligations due or to become due under the terms of said lease to Mrs. D. E. (Lemma) McAughan and Henry Kaplan, lessors." The assignment further provided that: "This assignment is made subject in all things to the terms and conditions of the aforementioned lease and subject also to the terms and conditions of the Consent of Lessors appearing below." The appellees herein, lessors in the lease, signed the following consent: "Consent to the foregoing Assignment of Lease is hereby given. Executed this 15th day of August, 1963." Appellees' petition also incorporated a second assignment, dated March 17, 1964, made by appellant, James Shooman back to Lozano. It provides in part as follows: "For value received, all right, title and interest of James Shooman in and to the lease hereto attached * * heretofore on August 15, 1963, assigned to James Shooman, is hereby transferred, assigned and conveyed by the said James Shooman, Lessee-Assignor, to the said Charles Lozano, Lessee-Assignee, and in consideration thereof said Assignee, Charles Lozano, agrees to assume and to pay and perform all rents and other obligations due or to become due under the terms of said lease * * *. This assignment is made subject in all things to the terms and conditions of the aforementioned lease, and subject also to the terms and conditions of the Consent of Lessors appearing below." The consent to this assignment, signed by the lessors, appellees herein, provides: "Consent to the foregoing Assignment of Lease is hereby given. Executed this the 18th day of March, 1964."

The appellant, James Shooman, filed in the cause only a denial which was sworn to.

Upon the filing by appellees of their Motion for Summary Judgment and supporting affidavit, the appellant, James Shooman, filed no contravening affidavits. The court sustained appellees' Motion for Summary Judgment, holding that the interpretation of the lease and the (second) assignment from Shooman to Lozano, presented purely a legal question for the court.

Appellant presents one point urging that the court erred in granting appellees' motion for summary judgment. He contends that there was a genuine issue as to a material fact, that is, concerning the interpretation of the March 17, 1964, assignment of the lease from appellant to Charles Lozano, in which Lozano agreed to pay and perform all rents and other obligations under the lease, which assignment was consented to by appellees. The point is not well taken and is overruled.

Appellant was one of the original lessees and was thereafter an assignee from his fellow lessee. Under both the original lease and the assignment to appellant he expressly agreed to pay all rents and perform all covenants contained in the lease. Appellant thereafter, on March 17, 1964, assigned the lease back to Lozano and Lozano therein agreed to assume, pay and perform all rents and other obligations under the terms of the lease. The assignment provided that it was subject in all things to the terms and conditions of appellees' consent thereto. The terms of the written consent by appellees were simply that they consented to the assignment. There was no novation of the lease contract whereby the lessors agreed to release appellant from his obligation to pay the rent. Contrary to appellant's contention there was no ambiguity in the assignment or appellees' consent thereto which presented any issue of fact concerning appellant's obligation to pay rent according to the terms of the lease. It is a well settled general rule that a lessee is not released from his obligation to pay rent by the fact that he has assigned the lease with the lessors' consent.

36 Tex.Jur.2d page 85; Cauble v. Hanson, 249 S.W. 175, (Com.App.); Carter v. Stovall, 291 S.W.2d 411, (Tex.Civ.App., n. r. e., 1956), and cases cited therein.

The judgment is affirmed.