Arturo MARTINEZ and Noelia
Martinez, Appellants,

v.

James F. BALL, d/b/a Jim Ball
Realty, Appellee.

No. 13–86–208–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 4, 1986.

Fred Galindo, Brownsville, for appellants.

Richard C. Arroyo, Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and
BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellee brought suit against appellants for breach of a commercial lease. Appellee recovered damages of $6,000.00 for rental arrearages, $6,000.00 for property damages, $10,510.00 for removed fixtures, and $2,100.00 for attorney's fees. Appellants bring five points of error. We affirm the judgment of the trial court.

The Martinezes executed a lease with appellee for a commercial building to be used as a restaurant. The lease term ran from August 1, 1982, to July 30, 1983. The Martinezes paid the rent for two months, and then assigned the lease to Mr. Martinez's brothers. In January of 1983, appellee entered the premises and changed the locks when the lessee failed to pay the rent. The following day the rent was paid and the lessee regained possession. Sometime in May or June of 1983, Mr. Martinez's brothers vacated the premises and "stripped" the building of all its contents.

The Martinezes do not know the whereabouts of the brothers.

The Martinezes, in their first and second points of error, complain that the trial court erred in rendering judgment against them as they were no longer liable under the lease.

■ A lessee is not released from his obligation to pay rent by the fact that he has assigned the lease with lessor's consent. *Shooman v. McAughan*, 404 S.W.2d 665, 667 (Tex.Civ.App.—Eastland 1966, no writ); *Carter v. Stovall*, 291 S.W.2d 411, 413 (Tex.Civ.App.—Amarillo 1956, writ ref'd n.r.e.). The Martinezes contend that appellee evicted them from the premises when he changed the locks for failure to pay rent, and therefore they are not liable for rents after this time. However, this contention is without merit because the evidence shows that Mr. Martinez's brothers returned to the premises the following day by paying the rent. To constitute an eviction, or constructive eviction, the tenant must be permanently deprived of the premises. *See Charalambous v. Jean Lafitte Corp.*, 652 S.W.2d 521, 526 (Tex.App.—El Paso 1983, writ ref'd n.r.e.). We overrule the Martinezes' first and second points of error.

The Martinezes, by their third point of error, complain that the trial court erred in awarding $10,510.00 for "removed fixtures" as there was no evidence to support the award. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960). No findings of fact were made, nor were any requested.

■ The lease provided:

ALTERATIONS: The Lessee shall make any alterations, additions, or improvements to the demised premises without the prior written consent of the Lessor. All fixture (including floor coverings), alterations, additions and improvements put in at the expense of the Lessee, shall be the property of the Lessor and shall remain upon and be surrendered with the demised premises as part thereof at the termination of this Lease.

"A fixture is broadly defined as something that is personal in nature but so annexed to realty as to become part of the realty." *Fenlon v. Jaffee*, 553 S.W.2d 422, 428 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.). A three-part test is used to determine whether a chattel has become an immovable fixture. (1) Has there been a real or constructive annexation of the property in question to the realty? (2) Was there a fitness or adoption of the article to the uses or purposes of the realty with which it is connected? (3) Was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold? *Id.* at 428.

■ The leased building was remodeled for the restaurant business by Mr. Zepeda, the tenant prior to the Martinezes. The Martinezes purchased Zepeda's equipment for the restaurant business. Part of the remodeling consisted of a barbecue pit, two toilets, two small sinks, and one large sink. The total value of these chattels was $10,510.00, as testified to by appellee.

Appellee testified that the equipment was "built in," and that the building was damaged upon the equipment's removal. There is evidence to support the trial court's award for the removal of the "fixture, alterations, additions, and improvements," as provided by the lease contract. We overrule the Martinezes' third point of error.

The Martinezes' remaining points of error are as follows:

POINT OF ERROR NUMBER FOUR

The judgment rendered by the trial court is insufficient as a matter of law

because it refers to another document the contents of which are not recited in the judgment.

## POINT OF ERROR NUMBER FIVE

The judgment of the trial court is insufficient as a matter of law in awarding "$6,000.00" for property damage plus "interest from April 1, 1983" for the reason that other documents not incorporated therein must be referred to in order to determine its meaning.

The trial court's final judgment provided:

This cause was tried to the Court without a jury on November 20, 1985. After the presentation of the evidence was completed, the parties requested, and were given, the opportunity to submit briefs on points of law raised. After studying the submissions of counsel and considering the evidence, *the Court issued a written opinion in the form of a letter to counsel dated January 22, 1986* (emphasis added). For the reasons set forth in that letter, it is

ORDERED that Final Judgment be and hereby is entered that Plaintiff James F. Ball, d/b/a Jim Ball Realty have and recover from defendants Arturo Martinez and Noelia Martinez, jointly and severally, as follows:

1.  The sum of $6,000.00 in back rent plus $6,000.00 for property damage plus interest on both at the contract date of 15% per annum from April 1, 1983 until fully paid; and,

2.  The sum of $10,510.00 for removed fixtures plus $2,100.00 for attorney's fees with interest on both at the rate of 10% per annum from the date hereof until fully paid.

All costs are taxed against defendants for which execution may issue. All writs and processes necessary or appropriate for the enforcement of this judgment may also issue.

All relief not expressly granted herein is denied.

The Martinezes' argument under these points of error is that they are unable to ascertain how the trial court arrived at the figure of $10,510.00. They did not request any findings of fact. Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977). We previously determined there is evidence to support the trial court's award. The trial court's reference to a letter does not require "resort to such extraneous matters," as the Martinezes allege. The judgment of the court conforms to the pleadings and the nature of the case proved. *See* Tex.R.Civ.P. 301. The Martinezes' fourth and fifth points of error are without merit.

The judgment of the trial court is AFFIRMED.