Daniel **SALDANA**, Jr., Appellant,

v.

Laura Elena **SALDANA**, Appellee.

No. 13–89–249–CV.

Court of Appeals of Texas,
Corpus Christi.

May 31, 1990.

Maria Estella Perez, Brownsville, for appellant.

Laura Elena Saldana, Brownsville, pro se.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Daniel Saldana, Jr. sued Laura Elena Saldana, his wife and appellee herein, for divorce. The trial court granted the divorce, established conservatorship of the parties' two minor children, and divided the community property. We affirm the judgment of the trial court.

The pertinent issue in this case is whether the land upon which the parties established their home is properly characterized as community property. The record reveals that in August, 1965, appellant's father and mother, Tomasa Saldana, purchased a house in Brownsville, Texas, where they raised their six children. Appellant's father died intestate before the couple fully paid for this property. The mortgage company, upon Tomasa Saldana's completion of the mortgage obligation, issued a warranty deed in October, 1979, and a correction deed in April, 1980. Both documents indicated that appellant's mother, Tomasa Saldana, was the sole owner of the property.

In May 1982, Tomasa Saldana executed a general warranty deed transferring the property to Daniel and Laura Saldana, appellant and appellee herein. The couple then used the realty as collateral to obtain .financing for the purchase of a Jim Walters home. They built their new home on the front half of the lot while Tomasa lived in the original home located at the rear of the lot.

Daniel Saldana filed for divorce on January 13, 1987. In his petition, he alleged

that Tomasa deeded the property to Daniel and Laura so that they would have the collateral necessary to purchase a home. He alleged that the transfer of this realty into the couple's names was merely a "sham" transaction and that the couple did not pay any consideration for the transfer. Daniel also alleged that the couple held the lot in a resulting trust (a purchase money trust) for Tomasa.

Tomasa Saldana and all of Daniel's brothers and sisters filed a petition in intervention on April 7, 1987, alleging that Daniel and Laura obtained title to the lot for the sole purpose of inducing Jim Walter Homes, Inc. to build a house on the property. They alleged that Tomasa's transfer was neither a gift, nor a sale, nor an advancement on inheritance, but that Daniel and Laura held the land in a purchase money resulting trust for the benefit of the intervenors. The intervenors asked the court to rescind, void, annul, and cancel the Warranty Deed from Tomasa to Daniel and Laura and to not consider the realty as part of the marital estate. The petition also prayed for the divorce court to set aside, as void, and rescind the mechanic's lien between Daniel, Laura, and Jim Walter's Homes and reform the lien, either in law or in equity, "so that the proper parties and intentions be reflected therein."

The intervenors amended their petition in intervention on March 4, 1988. On March 7, 1988, they filed a motion for partial summary judgment regarding title to the property. The divorce court dismissed the entire intervention on October 10, 1988. With this action, the motion for partial summary judgment was also dismissed.

Trial on the merits began on January 20, 1989. The trial court granted the divorce, established child conservatorship, visitation, and support, and divided the marital estate. The court characterized the realty in question as community property and divided it equally between Daniel and Laura. Laura received the front half of the lot with the Jim Walter's home. Daniel received the back half of the lot with the old home in which Tomasa Saldana still lived. Daniel brings four points of error.

■ By his fourth point of error, appellant complains that the trial court failed to file findings of fact and conclusions of law in accordance with Tex.R.Civ.P. 296. Upon timely notice from either party, the trial court must file a statement indicating its fact findings and legal conclusions with 30 days from the date the judgment is signed. Tex.R.Civ.P. 296, 297. If the trial court fails to file its statement within the 30–day period, the requesting party must file a written complaint within 5 days from the expiration of that 30–day period in order to call the omission to the trial court's attention. Tex.R.Civ.P. 297.

The record indicates that the trial court signed the judgment on May 2, 1989. Appellant timely filed his Request for Findings of Fact and Conclusions of Law on May 9, 1989; thus, the 30–day preparation period expired on June 1, 1989. The trial court failed to submit its statement of findings of fact and conclusions of law by that date. At that time, appellant was then required to file a written reminder to the trial judge within five days, or by June 6, 1989. Tex.R.Civ.P. 297.

■ Harm is presumed when, after a proper request has been made, a trial court fails to file findings of fact and conclusions of law. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 119 (1944); *Anzaldua v. Anzaldua*, 742 S.W.2d 782, 784 (Tex.App.—Corpus Christi 1987, writ denied). In the present case, appellant filed his written reminder on June 8, 1989, two days after the five-day period in which to file a timely reminder. Thus, appellant is precluded from complaining on appeal of the trial court's failure to file its findings and conclusions. *Averyt v. Grande, Inc.*, 717 S.W.2d 891, 895 (Tex.1986); *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 255–56 (Tex.1984); *Flowers v. Lavaca County Appraisal Dist.*, 766 S.W.2d 825, 828 (Tex.App.—Corpus Christi 1989, writ denied); *see also National Bugmobiles, Inc. v. Jobi Properties*, 773 S.W.2d 616, 617–18 (Tex.App.—Corpus Christi 1989, writ denied). Appellant's fourth point of error is overruled.

■ By his second point of error, appellant asserts that the trial court erred by characterizing the real property acquired during the marriage as community property. By his third point of error, appellant asserts that the court's division of the property was not just and right, thus constituting an abuse of discretion. When findings of fact and conclusions of law are not properly requested and none are filed, it is implied that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989); *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984); *National Bugmobiles*, 773 S.W.2d at 620; *Martinez v. Ball* 721 S.W.2d 580, 582 (Tex.App.—Corpus Christi 1986, no writ).

■ Community property consists of the property, other than separate property, acquired by either spouse during marriage. Tex.Fam.Code Ann. § 5.01(b) (Vernon 1975). Separate property includes that property which a spouse owned or claimed before marriage and that which the spouse acquired during marriage by gift, devise, or descent. Tex.Fam.Code Ann. § 5.01(a) (Vernon 1975). Property is characterized as "separate" or "community" at the time of the inception of that title. Inception of title occurs when a party first has right of claim to the property by virtue of which title is finally vested. *Strong v. Garrett*, 148 Tex. 265, 224 S.W.2d 471 (1949); *Dawson v. Dawson*, 767 S.W.2d 949, 950–51 (Tex.App.—Beaumont 1989, no writ); *see also Estate of Hanau v. Hanau*, 721 S.W.2d 515, 517 (Tex.App.—Corpus Christi 1986), *rev'd on other grounds*, 730 S.W.2d 663 (Tex.1986).

■ A trial court is presumed to have properly exercised its discretion in dividing the fruits of a marriage. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex.1981); *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974); *Dewey v. Dewey*, 745 S.W.2d 514, 519 (Tex.App.—

Corpus Christi 1988, writ denied). In this regard the trial court has wide discretion in dividing the parties' community estate and that division should not be corrected on appeal except when a clear abuse of discretion is shown. *Murff*, 615 S.W.2d at 698; *Mata v. Mata*, 710 S.W.2d 756, 760 (Tex. App.—Corpus Christi 1986, no writ); *Dewey*, 745 S.W.2d at 519.

■ Appellant asserts that the property is separate property because both parties testified that Tomasa deeded them the property for the sole purpose of purchasing a home. He specifically pleaded that Tomasa's transfer was not a gift; however, during the trial, he first characterized the transfer as a purchase money resulting trust, and then as a gift.[1] In *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565, 569 (1961) the Supreme Court discussed gifts and acquisitions by the community estate saying:

> A gift is a transfer of property made voluntarily and gratuitously. When an *inter vivos* transfer is made to either or both of the spouses during marriage, *the separate or community character of the property is determined by looking to the consideration given in exchange for it.* Any right, title or interest acquired for a valuable consideration paid out of the community necessarily becomes community property, and this is so whether the transfer be made by some third person.... (emphasis added).

*See also Carriere v. Bodungen*, 500 S.W.2d 692, 694 (Tex.Civ.App.—Corpus Christi 1973, no writ).

■ In the present case, the evidence is uncontroverted that Tomasa Saldana conveyed title in the lot by a general warranty deed to her son and daughter-in-law during their marriage. Thus, the trial court had to examine the evidence and determine the nature of the transfer before it could char-

---

1. We note that Daniel Saldana alleged that both he and Laura Saldana held the property in a purchase money constructive trust for Tomasa Saldana. By definition, when a person purchases property with the funds of another and takes the deed into his own name, a trust results in favor of the person whose money was employed in making the purchase. *See* Black's Law Dictionary 1111 (5th ed. 1979). In the present case, Tomasa Saldana never advanced any funds by which appellant and appellee purchased their home; thus, the parties did not create such a trust.

acterize the property as separate or community. Laura testified that she paid Tomasa ten dollars at the time Tomasa executed the deed. Daniel offered no evidence to rebut the presumption that the ten dollars came from the community estate. A consideration of $1 is sufficient to support a deed conveying land or an interest in land. *Loomis v. Gulf Oil Corp.*, 123 S.W.2d 501, 504 (Tex.Civ.App.—Eastland 1938, writ ref'd); *Lindsay v. Texas Iron & Steel Co.*, 9 S.W.2d 287, 288 (Tex.Civ.App. —Texarkana 1928, writ ref'd). Thus, as a result of their ten dollar community investment, whatever rights Daniel and Laura Saldana owned vested as a part of the community estate and the trial court did not err by characterizing it as such.[2] There is no evidence that the trial court's equal division of the community property lot and its two houses constituted any abuse of discretion. Points of error numbers two and three are overruled.

▪ By his first point of error, Daniel Saldana alleges that the trial court abused its discretion by striking the intervention without showing good cause. A trial court has a wide range of alternatives in exercising discretion over petitions in intervention in that it may choose to: (a) try the intervention claim; (b) sever the intervention; (c) order a separate trial on the intervention issues; or (d) strike the intervention for good cause. *Boswell, O'Toole, Davis & Pickering v. Stewart*, 531 S.W.2d 380, 382 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); Tex.R.Civ.P. 60. The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles; therefore, the mere fact that a trial judge decides a matter within his discretion in a manner different from that which another trial judge or an appellate judge in a similar circum-

stance would decide does not demonstrate an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Pierce v. Gillespie*, 761 S.W.2d 390, 398 (Tex.App.—Corpus Christi 1988, no writ). Therefore, if the trial court dismisses an intervention with reference to any guiding rules and principles, there is no abuse of discretion. *See Galveston Bay Conservation and Preservation Ass'n v. Texas Air Control Bd.*, 586 S.W.2d 634, 641–42 (Tex. Civ.App.—Austin 1979, writ ref'd n.r.e.).

The docket sheet shows that the trial court held a hearing on a motion to strike the intervention and overruled the intervention on October 10, 1988. On November 1, 1988, the court subsequently struck the First Amended Petition in Intervention from the record. We must presume that anything omitted from the record on appeal supports the trial court's judgment. *Producer's Constr. Co. v. Muegge*, 669 S.W.2d 717, 718 (Tex.1984); *Haynes v. McIntosh*, 776 S.W.2d 784, 785 (Tex.App.—Corpus Christi 1989, writ denied); *DeLeon v. Dr. Pepper Bottling Co.*, 694 S.W.2d 381, 382 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); Tex.R.App.P. 50. Daniel Saldana does not present any record of the hearing on the dismissal of the intervention in order to show evidence that the court abused its discretion. We, therefore, must presume the evidence in the absent record supports the dismissal.

Equally as important, the instant case is a divorce action where the issues are division of community assets and determination of child conservatorships and support obligations. The intervenors brought an action to quiet title. The original parties to the litigation are entitled to be protected from the disadvantages of this type of in-

---

**2.** Had the trial court erred by characterizing the lot and its improvements as community property, then Daniel and Laura would be tenants in common owning undivided one-half interests as separate property. By terminating their tenancy in common, the parties would divide the property evenly or the trial court, through partition, would be forced to use its discretion to divide the property in as equal a manner as possible. In this case, the trial court used its discretion to equally divide the community estate as equally as if it were a partition action. The trial court's mischaracterization of property will require a reversal only if we determine that the division of the property made was, because of the legal error upon which it was based, so unfair as to constitute an abuse of discretion. *Bradley v. Bradley*, 725 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1987, no writ).

tervention. *Armstrong v. Tidelands Life Ins. Co.,* 466 S.W.2d 407, 412 (Tex.Civ.App. —Corpus Christi 1971, no writ). The intervenors filed sworn affidavits alleging that they helped Daniel and Laura Saldana meet their mortgage payments. While these allegations raise a possible reimbursement claim, we do not find that the trial court abused its discretion by dismissing the intervention action which may have served only to complicate an otherwise uncomplicated divorce. All of appellant's points of error are overruled.

The judgment of the trial court is AFFIRMED.