NUMBER 13-05-558-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JOHN A. MAYS, Appellant,


v.
 


PATTI HUTSON MAYS, Appellee.

 


On appeal from the 377th District Court 


of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides and Vela

Memorandum Opinion by Justice Vela


 This is an appeal from a final divorce decree. In four issues, appellant, John
Mays, challenges the trial court's division of the marital estate, and its economic
reimbursement and contribution awards to appellee, Patti Hutson Mays. We affirm.


I.

 BACKGROUND

 John and Patti Mays were married on October 7, 1989. The parties separated
on September 6, 2003, and Patti filed for divorce on August 17, 2004. The primary
issue at trial concerned Patti's reimbursement and economic contribution claims and
funds contained in the bank accounts that the couple shared.

 John purchased a home prior to the marriage. He paid $3,250 as a down
payment on the home and financed the remainder. It was undisputed that the couple
paid off the home in 1995, with proceeds from a judgment they received in a civil
lawsuit. In that suit, the jury awarded Patti $65,000 in emotional damages, $10,000
in lost wages, and $2,500 in exemplary damages. The same jury awarded John
$1,000 in emotional damages, $10,000 in lost wages and $2,500 in exemplary
damages. The total award, including interest, was approximately $107,000 of which
the couple received $63,000. All of the amounts awarded to them were used to pay
off the mortgage. The house was valued at $78,000 at the time of the divorce. 

 Patti testified that in 2000 she invested an additional $10,000 of her separate
property to make improvements to the home from monies she received as an
inheritance from her mother's estate. She testified that she painted the whole house,
replaced light fixtures and did electrical work. 

 The remaining marital estate included cars, a boat, trailer, bank accounts, credit
card debt, and student loan debt. Each party owned his or her own business. Each
business had separate bank accounts. 

 Following a hearing, the trial court issued its final order and filed findings of fact
and conclusions of law. John did not request or file additional findings. The court
determined that the house was John's separate property, but ordered him to reimburse
the wife $10,000 for expenditures of her separate property on the house. The court
also ordered John to pay Patti $55,000 for economic contribution. That award was
to be secured by an equitable lien on the home. 

 Additionally, John was awarded one of the cars, the trailer, all furniture and
possessions in his possession. Patti was awarded a car, a boat, all furniture and other
objects in her possession. The court additionally divided the credit card loan debts. 
Patti had student loan debts of more than $100,000 which the court ordered her to
pay. The trial court's findings of fact also included a finding that John wasted
community assets and that he was guilty of cruel treatment. 

II.

 STANDARD OF REVIEW

 In a divorce proceeding, the trial court has wide latitude in the exercise of its
discretion in dividing marital property and that division will only be overturned on appeal
when an abuse of discretion is proven. Zieba v. Martin, 928 S.W.2d 782, 786 (Tex.
App.-Houston [14th Dist.] 1996, no writ). The mere fact that a trial judge may decide
a matter within its discretionary authority differently from an appellate judge is not an
abuse of discretion. Jones v. Jones, 804 S.W.2d 623, 624 (Tex. App.-Texarkana
1991, no writ). An appellate court will not reverse a trial court's division of property
unless it determines it to be manifestly unjust and unfair. Mann v. Mann, 607 S.W.2d
243, 245 (Tex. 1980); Vandiver v. Vandiver, 4 S.W.3d 300, 303 (Tex. App.-Corpus
Christi 1999, pet. denied). 

 In an appeal from a bench trial, we review a trial court's conclusions of law as
legal questions, de novo, and will uphold them on appeal if the judgment can be
sustained on any legal theory supported by the evidence. Hailey v. Hailey, 176 S.W.3d
374, 383 (Tex. App-Houston [14th Dist.] 2004, no pet.). If we determine that a
conclusion of law is erroneous, but the trial judge nevertheless rendered the proper
judgment, the error does not require reversal. Id.

III.

 DISPOSITION OF PROPERTY

 John urges in his first two issues that the trial court failed to divide and dispose
of all of the marital property and abused its discretion because the court had "little or
no evidence" as to the existence and value of the parties' assets and liabilities.

A. Failure to Divide the Property

 John urges that the trial court failed to award cash on hand, accounts at
Prosperity Bank, First Victoria National Bank, First Victoria Credit Union, the couple's 
guns and the wife's jeep. He also argues that the decree failed to set forth who is to
pay indebtedness owed to Capital One, Dillards, Bank One and other accounts. 

 At trial, John's attorney told the court that most of the property had been divided
except the house and a couple of savings accounts. The accounts in issue were two
accounts at Prosperity Bank that were in John's name; an account with Victoria Credit
Union and checking accounts at First Victoria National Bank. Patti offered testimony
that the savings accounts at Prosperity Bank and Victoria Credit Union had dwindled
to practically nothing from the date of separation and the date of the divorce hearing. 
When the couple separated there had been more than $20,000 in those combined
accounts. The Prosperity Bank checking account in the name of John's business, Mays
Investigation, had approximately $9,000 in it at the time of the hearing. The trial court
awarded the parties all accounts associated with each of their respective businesses. 
The other bank accounts alleged to have been depleted by John were in his possession
and there was nothing to indicate that they were not awarded to him. The court
determined that John had wasted community assets. There appeared to be nothing
further to award with regard to the bank accounts. Contrary to appellant's claim, the
bank accounts were disposed of in the decree.

 The evidence also showed that the guns were awarded because the trial court
awarded both husband and wife the household goods and equipment in each
individual's possession. There was also evidence that the wife bought the jeep prior
to the marriage and it was her separate property, not subject to division. Tex. Fam.
Code Ann. § 3.001(1) (Vernon 2006). Patti also testified that Capital One, Bank One
and Dillards were her separate liabilities. We cannot say, based on the record before us,
that the trial court failed to award or divide the property about which appellant
complains.


B. Manner of Distribution of the Marital Estate

 John also argues that the trial court erred in dividing the marital estate in the
manner it did. He complains that no inventory was admitted into evidence showing the
assets and liabilities of the parties. The record reflects that Patti submitted a proposed
property distribution, but John failed to comply with the local rules which required an
inventory. John did not refute that the local rules required him to file an inventory. He
argued that his reason for noncompliance was that the couple had already divided
almost everything. John should not be able to complain about the lack of inventory
when his failure to comply with local rules was the reason for the absence. In a divorce
decree, the trial court shall order a division of the estate in a manner that the court
determines to be just and right. Tex. Fam. Code Ann. § 7.001 (Vernon 2006). There is
a presumption that the trial court properly exercised its discretion in dividing the assets
of the marriage. Vallone v. Vallone, 644 S.W.2d 455, 460 (Tex. 1982); Saldana
v.Saldana, 791 S.W.2d 316, 319 (Tex. App.-Corpus Christi 1990, no writ). This court
must indulge every reasonable presumption in favor of the trial court's proper exercise
of discretion. Vannerson v. Vannerson, 857 S.W.2d 659, 669 (Tex. App.-Houston [1st
Dist.] 1993, writ denied). 

 Patti testified to the value of the house at the time of the hearing, the amount
of the verdict in the couple's civil lawsuit, the value of her inheritance and the value of
the improvements on the house. The trial court accepted those values. Although no
inventory was introduced as evidence, Patti entered a proposed distribution of the
property into evidence. Patti testified at length regarding the value of all of the property
at the time of the separation and at the time of divorce. John provided the court with
no inventory. 

 The trial court did not abuse its discretion in relying upon the wife's testimony. 
As counsel for John stated, the only area of controversy was the amount in the bank
accounts and the house. The evidence showed that John drained the amount in the
accounts between the time of separation and the divorce. The trial court also found
that John was guilty of cruel treatment toward Patti. The trial court did not abuse its
discretion as the estate was divided in a manner that was just and right.

 We overrule issues one and two.

C. Economic Contribution and Equitable Reimbursement Claims 

 John urges by his third issue that the trial court abused its discretion in awarding
Patti $55,000 for her reimbursement and/or economic contribution award. The rule of
reimbursement is purely an equitable one. Vallone v. Vallone, 644 S.W.2d at 458. A
right of reimbursement arises when funds or assets of one estate are used without
itself receiving some benefit. Id. at 459. Economic contribution is the dollar amount
of the reduction of the principal amount of a debt secured by a lien on the property
owned before the marriage, to the extent the debt existed at the time of the marriage. 
Tex. Fam. Code Ann. § 3.402 (Vernon 2006). 

 The value of the house at the time of trial was approximately $78,000. The
house had been purchased for $65,000. Patti testified that the house was paid off
with the $63,000 they received from the judgment, most of which was hers.

 Patti testified that of the $91,000 awarded by the jury to the couple in their civil
lawsuit $65,000, or 71% of the award was for her emotional damages. Awards for
emotional damages are considered separate property. Licata v. Licata, 11 S.W.3d 269,
273 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). John agreed that Patti's
share was $65,000. 

 Patti testified that she took the check directly from the couple's attorney, put it
into a checking account, and immediately wrote the check to pay off the $63,000
balance of the mortgage. Similar testimony was elicited from John, except that he did
not know how long the money remained in the account. Although John urges that the
wife did not prove her claim because mere testimony is insufficient to rebut the
presumption of community property, Patti testified that all of the documents relating
to the sale of the house as well as the documents regarding the final pay off of the
house were in John's possession. She claimed she sought to get this information
through discovery, but was unsuccessful. 

 The trial court had before it the charge of the court which showed the civil
lawsuit jury awards, which were not in dispute. John complains in his brief that the
charge of the court in the couple's civil lawsuit was not formally admitted into
evidence. We find no error in the event that the court considered it in making the
division. See L.M. v. The State of Texas, 618 S.W.2d 808, 812 (Tex. App.-Houston
[1st Dist.] 1981, writ ref'd n.r.e.) (even though a social study was not formally
admitted into evidence in a nonjury trial, the trial court could consider it and use its
discretion in determining the weight to be given to it). Because the money utilized to
pay off the mortgage was primarily Patti's separate property, we cannot say that the
trial court made an unjust division of the property. 

 Likewise, there was evidence to support the trial court's decree that Patti receive
$10,000 as reimbursement. In a reimbursement claim, the trial court must consider the
facts and circumstances and determine what is just and fair. Penick v. Penick, 783
S.W.2d 194, 198 (Tex. 1988); Hailey v. Hailey, 176 S.W.3d at 384. The trial court
heard Patti's testimony that she inherited $10,000 from her mother. Patti testified that
after she returned home from graduating from law school the house was in disrepair. 
She testified that she repainted the entire house, wallpapered, replaced some light
fixtures and sockets, and performed some electrical work. Her testimony was that she
spent her entire $10,000 inheritance, plus additional amounts which she put on a credit
card. The overall division of the property was just and fair. We find no abuse of
discretion.

 Appellant's third issue is overruled.

IV.

Imposition of the LienBy John's fourth issue, he urges that the trial court erred in imposing a lien against his
separate property to secure a claim for contribution and or reimbursement because such
request was not pleaded. Patti's pleadings requested economic contribution. The
decree orders the husband to pay $55,000.00 to the wife for economic contribution. 
The decree further ordered an equitable lien to secure the claim. Appellant has
presented us with no authority under this point to show that the trial court acted
outside of its discretion. Absent some legal argument supported by authority, we
cannot discern why this case should be reversed on an unsupported ground. See Tex.
R. App. P 38.1(h). A point of error unsupported by citation of any legal authority
presents nothing for review. Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex.
App.-Amarillo 2003, pet. denied). This issue was not properly raised or briefed.

 Appellant's fourth issue is overruled.

 The judgment of the trial court is affirmed. 

 


 ROSE VELA 

 Justice



Memorandum Opinion delivered and

filed this 15th day of March, 2007.