**Donnie Hughes THOMPSON, Appellant,**

v.

**Nancy Elizabeth THOMPSON, Appellee.**

No. 13–91–107–CV.

Court of Appeals of Texas, Corpus Christi.

March 19, 1992.

Rehearing Overruled April 30, 1992.

564

Donnie Hughes, Harlingen, for appellant.

Peter C. Gilman, Brownsville, for appellee.

Before NYE, C.J., and FEDERICO G. HINOJOSA, Jr. and BISSETT,[1] JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Donnie Hughes Thompson appeals the modification of the conservatorship of, the child support for, and the periods of possession of the Thompsons' minor son. Appellant alleges error in the sufficiency of the evidence to support the change of conservatorship from joint managing conservatorship to sole managing conservatorship, to support a reduction of his periods of possession of the minor child and to support an increase in child support. We affirm the trial court's modification order in part and reverse and remand in part.

The Thompsons were divorced on November 15, 1985. The Thompsons agreed to be appointed joint managing conserva-

tors of their sons Walter, then 17 years of age, and William, then 2 years of age, and requested that the trial court approve the agreement. The trial court approved the agreement and appointed appellant and appellee joint managing conservators of the two minor children.[2] Appellee was granted the primary custody and control of the children and was given possession of the children at all times not specifically granted to appellant. Appellant was ordered to pay child support in the amount of $200 per month and was granted possession of William on certain hours during each week and on designated weekends and holidays. Walter attained the age of 18 years on December 27, 1985. On December 23, 1986, the trial court modified appellant's periods of possession of William without substantially changing the total amount of appellant's possession time.

On June 28, 1990, appellant filed a motion to modify periods of possession and to reduce child support, alleging that the circumstances of the child or a person affected by the prior orders had materially and substantially changed since the rendition of the prior orders, that the prior orders had become unworkable and inappropriate under the existing circumstances, and that he could not afford to pay child support. Appellant also filed a motion for contempt against appellee, alleging that appellee had refused to allow him to have possession of his minor son. Appellee subsequently filed a motion for contempt and a counterclaim against appellant, alleging that appellant had not paid child support as previously ordered by the court and requesting that she be appointed sole managing conservator of the child, that child support be increased, and that appellant's periods of possession be decreased.

The trial court found appellant in contempt of court for failing to pay child support for 25 months and found that he was in arrears in the amount of $5,000. The

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Prior to September 1, 1987, a trial court could not order joint managing conservatorship; it could only approve an agreement of the parties to be appointed joint managing conservators. Tex.Fam.Code Ann. § 14.06 (Vernon 1986).

court assessed punishment and ordered appellant to pay the child support arrearage in monthly installments. The court also found appellee in contempt of court for interfering with appellant's possession of the minor child, assessed punishment, and ordered appellee not to interfere with appellant's periods of possession. The court denied appellant's motion to modify, granted appellee's counterclaim, and ordered that appellee be appointed sole managing conservator of the child and that appellant pay child support in the amount of $350 per month. The court also granted appellant visitation with the child in accordance with a schedule supposedly attached to the modification order. From that order of modification, this appeal ensues.

■ Appellant's first point of error alleges that the trial court erred because there was insufficient evidence to support the change of conservatorship from joint managing conservatorship to sole managing conservatorship and that such evidence is required by Tex.Fam.Code Ann. § 14.081(d) (Vernon Supp.1992).

Tex.Fam.Code Ann. § 14.081(d) sets forth the requirements for replacing joint managing conservatorship with sole managing conservatorship. Section 14.081(d) provides as follows:

(d) After a hearing, on the motion of one or both of the joint managing conservators or on the court's own motion, a court may replace a joint managing conservatorship with a sole managing conservatorship if:

(1)(A) the welfare of the child is a matter of immediate and serious concern;

(B) there has been a substantial and unexcused violation of the terms and conditions established in the existing conservatorship decree; or

(C) the circumstances of the child or one or both of the joint managing conservators have so materially changed since the rendition of the decree that it has become unworkable or inappropriate under existing circumstances; and

(2) The appointment of a sole managing conservator would be a positive improvement for and in the best interest of the child.

■ Appellant, in his motion to modify, pleaded material and substantial change in the circumstances of the child or a person affected by the prior order since the rendition of the prior order. Appellant also pleaded that the prior order had become unworkable and inappropriate under the existing circumstances. Admissions in trial pleadings are regarded as judicial admissions in the case in which that pleading is filed, require no proof of the admitted fact and authorize the introduction of no evidence to the contrary. *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 769 (Tex. 1983); *Crawford v. Williams,* 797 S.W.2d 184, 184 n. 1 (Tex.App.—Corpus Christi 1990, writ denied); *McCaskill v. McCaskill,* 761 S.W.2d 470, 472 (Tex.App.—Corpus Christi 1988, writ denied).

Appellant, therefore, judicially admitted that material and substantial changes in the circumstances of the child, appellant or appellee had occurred since the rendition of the prior order and that the prior order had become unworkable and inappropriate under the existing circumstances. Appellant cannot now challenge the sufficiency of the evidence to support the change of conservatorship on these grounds. *McCaskill,* 761 S.W.2d at 472.

■ "The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to a child." Tex.Fam. Code Ann. § 14.07(a) (Vernon Supp.1992). Trial courts have wide discretion in determining what is in the best interest of the child. *Weimer v. Weimer,* 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi 1990, no writ). The trial court's judgment regarding what serves the best interest of the children with regard to child support and visitation, specifically the establishment of terms and conditions of the conservatorship, is a discretionary function of the trial court and will only be reversed upon a determination that the trial court has abused its discretion. *MacCallum v. MacCallum,* 801 S.W.2d 579, 582 (Tex.App.—

Corpus Christi 1990, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990).

■ No findings of fact or conclusions of law were filed in this case. Appellant raises no point of error regarding this failure.[3] When findings of fact are not properly requested and none are filed, it is implied that the trial court made all the necessary findings of fact to support its judgment. *Saldana v. Saldana*, 791 S.W.2d 316, 319 (Tex.App.—Corpus Christi 1990, no writ).

When we determine whether some evidence supports the judgment and implied findings of fact, we consider only the evidence that is most favorable to the issue and completely disregard the evidence that is opposed to it. *Worford*, 801 S.W.2d at 109. When we determine whether the evidence is sufficient to support a finding, we consider all of the evidence to see if the evidence is so weak that we should set aside the finding and order a new trial. *Blanco v. Gracia*, 767 S.W.2d 896, 897 (Tex.App.—Corpus Christi 1989, no writ). We affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. *Worford*, 801 S.W.2d at 109.

■ We have reviewed the record and find that it includes transcriptions of conversations which appellant tape recorded on several occasions when he arrived at appellee's home to pick up the child. In these conversations, appellant refused to speak with appellee in front of the child, the child cried because there was "going to be another fight," and law enforcement officers had to be called to oversee the possession change because of disagreements between appellant and appellee. The record also includes evidence concerning appellee's request in 1987 for a writ of attachment from the trial court to force

appellant to return the child to appellee. Appellee testified that she and appellant had not been able to mutually agree to any modification of any periods of possession since she had obtained the writ of attachment.

Appellee further testified that appellant had interfered with the child's pre-school activities. Appellee felt that William needed to interact with other children and had enrolled him in a pre-school program. Appellant was supposed to have possession of the child on Tuesday and Wednesday evenings and was supposed to pick up the child after school. Appellant would pick up the child at pre-school on Tuesday mornings, shortly after he was dropped off by appellee, and would return him to pre-school on Thursday afternoon, shortly before he was to be picked up by appellee. Appellee testified that the child was now enrolled in elementary school and that appellant was visiting with the child during school hours. Appellant's visits distracted the child from school activities and caused him to exhibit unusual behavior. We cannot say that the trial court abused its discretion in finding that the appointment of a sole managing conservator would be a positive improvement for and in the best interest of the child in view of the many difficulties and disagreements and extreme animosity between appellant and appellee.

Having established that the circumstances of the child or one or both of the joint managing conservators had so materially changed since the rendition of the decree that it had become unworkable or inappropriate under the existing circumstances and that modification of its terms was in the best interest of the child, the court was within its authority in changing conservatorship from joint managing conservatorship to sole managing conservatorship. Tex.Fam.Code Ann. § 14.081(d). Appellant's first point of error is overruled.

**3.** Nevertheless, no error can be found in this failure. Appellant did not file a timely "Notice of Past Due Findings of Fact and Conclusions of Law." Appellant filed his Notice on December 11, 1990. Since appellant's original request for findings of fact was filed on November 9, 1990, the Notice should have been filed on or before December 10, 1990. Tex.R.Civ.P. 297. *Fleming v. Taylor*, 814 S.W.2d 89, 91 (Tex.App.—Corpus Christi 1991, no writ).

By his third point of error, appellant complains that the amount of child support ordered is in excess of the guidelines set forth in Tex.Fam.Code Ann. §§ 14.052–14.-053 (Vernon Supp.1992).

Appellant timely requested findings under Tex.Fam.Code Ann. § 14.057 (Vernon Supp.1992), and the court complied. The court found 1) that appellant owned six pieces of property and rented them, 2) that appellant had an investigation agency which had gross earnings of $8,000 per year, 3) that prior to voluntarily leaving his employment with Thompson Manufacturing, appellant earned between $27,000 and $30,000 per year, 4) that appellant admitted that he would earn more now, 5) that appellant had not paid any child support since 1988, although able to do so, 6) that appellant had spent in excess of $5,000 in bringing his motion, 7) that appellant was not providing medical insurance coverage for the child, 8) that appellee was providing the child with medical insurance coverage, and 9) that appellant was well qualified and very educated. After applying § 14.055, the court computed the amount of child support to be "estimated at $350.00" per month. Appellant did not object to the findings, did not request additional findings from the court, and did not raise a point of error concerning the trial court's findings. Any error in connection with the failure of the court to comply with § 14.057 has been waived. *Belcher v. Belcher*, 808 S.W.2d 202, 206 (Tex.App.—El Paso 1991, no writ).

The guidelines for a court order for the support of a child assume that the court will order the obligor to provide health insurance coverage for the child in addition to the amount of child support calculated pursuant to the guidelines. Tex. Fam.Code Ann. § 14.053(d). In its modification order, the trial court did not order appellant to provide health insurance coverage for the child. The court found that appellee was providing the child with medical insurance coverage, and the record reflects that she was paying $120 per month to provide the child with such coverage. After reviewing the evidence offered at the modification hearing concerning the health insurance coverage which appellee was providing for the child and the appellant's education, business background and income producing property and after giving full credit to the trial court's discretion under Tex.Fam.Code Ann. §§ 14.053–14.054 to consider the appellant's earning potential, we cannot say that the trial court abused its discretion in ordering child support payments of $350 per month. *Johnson v. Johnson*, 804 S.W.2d 296, 301 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Le-Blanc v. LeBlanc*, 761 S.W.2d 450, 454 (Tex.App.—Corpus Christi 1988) *writ denied per curiam*, 778 S.W.2d 865 (Tex. 1989). Appellant's third point of error is overruled.

Appellant's second point of error has two parts. Appellant alleges 1) that the trial court erred because there was insufficient evidence to support the reduction of appellant's periods of possession and 2) that such evidence is required by Tex.Fam.Code Ann. § 14.08(c)(3) (Vernon Supp.1992).

Tex.Fam.Code Ann. § 14.08(c)(3) sets forth the requirements for *modifying* the terms and conditions for possession of or access to a child. Section 14.08(c)(3) provides in relevant part as follows:

> (c) After a hearing, the court may modify an order or portion of a decree that: (3) sets the terms and conditions for possession of or access to a child, or prescribes the relative rights, privileges, duties, and powers of conservators if:
>
> (A) the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of the rendition of the order or decree ...

Tex.Fam.Code Ann. § 14.08(c) does not apply in this case. Appellant was removed as a joint managing conservator under Tex.Fam.Code Ann. § 14.081(d). Whatever possession rights appellant had as a joint managing conservator did not exist after he was removed as a joint managing conservator and could not be *modified*. When a trial court replaces a joint manag-

ing conservatorship with a sole managing conservatorship, the joint managing conservatorship ends, and the sole managing conservatorship starts immediately thereafter. When a trial court removes a parent as a joint managing conservator, the parent no longer has rights, privileges, duties, or powers with respect to the child, unless the court appoints the parent as a possessory conservator or a sole managing conservator. Part 2 of appellant's second point of error is overruled.

■ When a trial court appoints a sole managing conservator, it may appoint one or more possessory conservators, and the times and conditions for possession must be specific and expressly stated in the order, unless a party shows good cause why specific orders would not be in the best interest of the child. Tex.Fam.Code Ann. § 14.03(a) (Vernon 1986). The court shall be guided by §§ 14.032–14.033 of the code when it determines the terms and conditions for possession. Tex.Fam.Code Ann. § 14.03(b) (Vernon Supp.1992). On the appointment of a possessory conservator, the court shall prescribe the rights, privileges, duties, and powers of the possessory conservator. Tex.Fam.Code Ann. § 14.03(c) (Vernon 1986). Unless the court finds that parental possession is not in the best interest of the child and that parental possession would endanger the physical or emotional welfare of the child, the court shall appoint as a possessory conservator the parent who was not appointed sole managing conservator. Tex.Fam.Code Ann. § 14.03(d) (Vernon Supp.1992).

In its modification order, the trial court appointed appellant possessory conservator and ordered that he have possession of the child in accordance with "the visitation schedule attached ... as Exhibit 'A'." Exhibit "A" is not attached to the modification order and is not a part of the record.

On February 13, 1992, we abated this appeal and ordered the trial court to determine if Exhibit "A" could be located. On February 24, 1992, the trial court responded that it could not locate Exhibit "A" and did not know why it was not attached to the modification order. The trial court fur-

ther responded that it had meant to give appellant standard visitation in accordance with §§ 14.032–14.033 of the Family Code and to modify some of the visitation guidelines. Since Exhibit "A" was not attached to the modification order and is not a part of the record, we cannot determine what additional periods of possession the trial court may have meant to grant appellant.

Since Exhibit "A" does not exist, we must review the modification order in its present form. Times and conditions for possession of the child must be expressly stated in the order. Tex.Fam.Code Ann. § 14.03(a). The modification order, *absent Exhibit "A"*, does not provide for standard visitation in accordance with §§ 14.032–14.033 of the Family Code. It only provides for appellant's possession of the child at all times mutually agreed to by the parties and specifically orders that appellant have possession of the child only during the summer months.

■ Appellee testified that she and appellant had not been able to mutually agree to any modification of any periods of possession since 1987. A parent is usually entitled to have periodic visitation privileges with his or her child, and that privilege should not be denied except in an extreme case of parental unfitness. *In the Interest of Cassey D.*, 783 S.W.2d 592, 596–97 (Tex.App.—Houston [1st Dist.] 1990, no writ); *Anderson v. Martin*, 257 S.W.2d 347, 354 (Tex.Civ.App.—Amarillo 1953, writ ref'd n.r.e.).

■ We have reviewed the entire record and find insufficient evidence to support the trial court's order that appellant is entitled to possession of the child only during the summer months. The provision in the order that the parties may agree to other periods of possession is insufficient to provide for appellant's possession privileges in view of the fact that appellant and appellee had not been able to agree on additional possession periods since 1987 and since such privileges may not be made contingent upon the consent of the managing conservator without a showing of good cause that specific orders would not be in the best interest of the

**570**

child. *Wright v. Wentzel,* 749 S.W.2d 228, 234 (Tex.App.—Houston [1st Dist.] 1988, no writ); Tex.Fam.Code Ann. § 14.03(a).

As we have noted above, the trial court's judgment regarding what serves the best interest of the child with regard to child support and visitation is a discretionary function of the trial court and will only be reversed upon a determination that the trial court has abused its discretion. *MacCallum,* 801 S.W.2d at 582. *The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. Worford,* 801 S.W.2d at 109 (emphasis added). The legislature has explicitly provided the guiding rules for trial courts to follow when determining periods of possession for a parent who is named a possessory conservator. Tex.Fam.Code Ann. § 14.03(b) (Vernon Supp.1992). There is a rebuttable presumption that the standard possession order provides reasonable minimum possession of the child for a parent named as a possessory conservator and that the order is in the best interest of the child. Tex. Fam.Code Ann. § 14.033(k) (Vernon Supp. 1992). We find that the trial court abused its discretion when it expressly ordered that appellant have possession of the child only during the summer months, because it did not find, and the record does not reflect, evidence sufficient to show that granting appellant only summer possession is in the best interest of the child. We sustain part 1 of appellant's second point of error.

That portion of the modification order removing appellant as joint managing conservator and appointing appellee as sole managing conservator and appellant as possessory conservator and providing for child support in the amount of $350 per month is AFFIRMED. That portion of the modification order specifically providing for possession of the child by appellant only during the summer months is REVERSED AND REMANDED to the trial court for further proceedings.