In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-454 CV


____________________



IN THE INTEREST OF K.A.S.B.







On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. CV11,379






MEMORANDUM OPINION


 This is an appeal from a judgment modifying the terms of a joint managing
conservatorship. Finding no reversible error, we affirm.

Procedural Background


 Appellant Leia Soetaert-Lee and appellee Henry Beaulier are the parents of the minor
child K.A.S.B. A district court in Harris County determined Henry to be the child's father
in a suit to establish parentage. In its final order in that proceeding, which was entered in
2001, the Harris County court named Leia and Henry joint managing conservators of
K.A.S.B. and assigned to Leia "the sole right to establish the primary residence of the child." 
After the case was transferred to San Jacinto County, Henry filed a petition to modify the
parent-child relationship. In his petition, Henry requested that the trial court modify the
Harris County court's order by appointing him as the person who has the right to designate
K.A.S.B.'s primary residence.

 After conducting a hearing on Henry's petition to modify, the trial court entered a
modification order that granted Henry "the exclusive right to designate the primary residence
of the child without regard to geographic location[.]" Leia then filed this appeal, in which
she contends the trial court "erred by applying an erroneous standard in a modification
proceeding[,]" and in excluding the substantive testimony of a mental health professional,
and she also argues the "evidence is legally and factually insufficient to support the trial
court's modification order permitting the father to determine the primary residence of the
child."

The Evidence


 At the hearing on Henry's petition to modify, Henry's sister Tiki testified that
K.A.S.B. suffers from asthma, and she indicated that Henry does not smoke. Henry's sister
Angel testified that she is employed as a supply chain security analyst, and her job entails
researching publicly-available data about people. Angel explained that she helped Henry
prepare for trial by doing online research for him. Angel testified that she discovered that
a male with whom Leia and K.A.S.B. traveled on an unidentified date had been charged with
"sexual contact of a child" in 2006 and he had also been arrested for manufacturing a
controlled substance and possession of a controlled substance in 2006. Angel further
explained that she found an "asthma fact sheet" on the American Lung Association's
("ALA's) website, and that fact sheet was quite similar to one Leia had given to her, but
unlike the ALA's fact sheet, the sheet Leia provided did not list secondhand cigarette smoke
as an asthma trigger.

 Henry testified that Leia took K.A.S.B. to the emergency room in March of 2005
when K.A.S.B. suffered from shortness of breath, and K.A.S.B. was given medications for
asthma and an upper respiratory infection. According to Henry, K.A.S.B. did not have any
asthma attacks during the month K.A.S.B. spent with him in Maine, and K.A.S.B. had never
had an asthma attack while in his care. Henry testified that he used to smoke, but he stopped
smoking after an emergency room physician told him and Leia in 2002 that it was very
dangerous to expose K.A.S.B. to cigarette smoke. Henry testified that to his knowledge Leia
did not stop smoking. (1) Henry also explained that Leia had failed to allow him visitation
under the final order in the suit to establish parentage, and she was found in contempt of
court. In addition, Henry testified that Leia had married.

 Leia testified that she and K.A.S.B. currently reside in a townhome in Coldspring, 
and K.A.S.B. is attending public school. According to Leia, asthma is the only health
complaint K.A.S.B. has. Leia also testified that she and K.A.S.B. had previously lived in a
residence in Odessa, and they were "without water for a little while." Leia further explained
that she was not employed full time, her parents are providing her with money to pay her rent
and buy food, and she does not own a vehicle.

Issues One and Three


 In her first issue, Leia asserts the trial court erred by applying an erroneous standard
for the modification proceeding. Specifically, Leia notes that although Henry had the burden
to prove that circumstances had materially and substantially changed since the 2001 order,
the trial court's conclusions of law merely stated that circumstances have "changed" since
the 2001 order. See Tex. Fam. Code Ann. § 156.101 (Vernon Supp. 2006). In her third
issue, Leia argues the evidence is legally and factually insufficient to support the trial court's
modification order. As a sub-part of issue three, Leia asserts that there is no evidence of a
material and substantial change in circumstances "because there is no evidence of the
circumstances existing in 2001." We address these issues together.

 We review the trial court's findings of fact for legal and factual sufficiency. Ortiz v.
Jones, 917 S.W.2d 770, 772 (Tex. 1996). In considering whether the evidence is legally
sufficient, we consider only the evidence and inferences tending to support the trial court's
findings and disregard all evidence to the contrary. Anderson v. City of Seven Points, 806
S.W.2d 791, 794-95 (Tex. 1991). We must consider the evidence in the light most favorable
to the trial court's findings and indulge every reasonable inference that would support them. 
See City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). We must credit favorable
evidence if a reasonable trier of fact could and disregard contrary evidence unless a
reasonable trier of fact could not. Id. at 827. However, we must not substitute our judgment
for that of the trial court as long as the evidence falls within the zone of reasonable
disagreement. Id. at 822. As fact finder, the trial court assesses the credibility of witnesses. 
Zagorski v. Zagorski, 116 S.W.3d 309, 318 (Tex. App.--Houston [14th Dist.] 2003, pet.
denied).

 In reviewing the factual sufficiency of the evidence, we must weigh all of the
evidence in the record. Ortiz, 917 S.W.2d at 772. We may overturn the trial court's findings
only if they are so against the great weight and preponderance of the evidence as to be clearly
wrong and unjust. Id. Findings of fact have the same force and dignity as a jury verdict. 
McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). However, when, as here, a
complete reporter's record appears in the appellate record, findings of fact are not conclusive
on appeal if the contrary is established as a matter of law or if there is no evidence to support
the finding. Material P'ships, Inc. v. Ventura, 102 S.W.3d 252, 257 (Tex. App.--Houston
[14th Dist.] 2003, pet. denied); see also Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.--San Antonio 1995, writ denied).

 We review the trial court's conclusions of law de novo, and the standard of review is
whether they are correct. BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794
(Tex. 2002); Material P'ships, 102 S.W.3d at 257. The trial court's conclusions of law are
not binding on the appellate court. However, we will uphold the trial court's conclusions of
law on appeal if the judgment can be sustained on any legal theory supported by the
evidence. Id.

 "A trial court's order modifying a joint managing conservatorship will not be
disturbed on appeal unless the complaining party can show a clear abuse of discretion."
Jenkins v. Jenkins, 16 S.W.3d 473, 477 (Tex. App.--El Paso 2000, no pet.) (citing Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); Thompson v. Thompson, 827 S.W.2d 563,
566-67 (Tex. App.--Corpus Christi 1992, writ denied)). A trial court abuses its discretion
when it acts arbitrarily and unreasonably, or without reference to any guiding principles. 
Downer v. Aquamarine Opers., Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Because the trial
court can best observe the witnesses and determine their credibility, the trial court does not
abuse its discretion "as long as some evidence of a substantive and probative character exists
to support the trial court's decision." Jenkins, 16 S.W.3d at 477.

 Henry had the burden to prove that "the circumstances of the child, a conservator, or
other party affected by the order have materially and substantially changed since . . . the date
of the rendition of the order[.]" Tex. Fam. Code Ann. § 156.101. The trial court heard
testimony that Leia and K.A.S.B. had traveled with a male who was later charged with sexual
contact of a child. The trial court also heard testimony that K.A.S.B. suffers from asthma,
and that contrary to medical advice, Leia continued to smoke around K.A.S.B. Moreover,
the trial court heard testimony that Leia had married.

 Viewing the evidence in the light most favorable to the findings supporting the trial
court's order, we conclude the evidence is legally sufficient to support the modification
order. See City of Keller, 168 S.W.3d at 822. Furthermore, reviewing all of the evidence in
the record, the findings supporting the trial court's modification order are not so against the
great weight and preponderance of the evidence as to be clearly wrong and unjust. See Ortiz,
917 S.W.2d at 772. The evidence is factually sufficient to support the trial court's
modification order. Because the trial court's order is supported by legally and factually
sufficient evidence, the trial court did not abuse its discretion in entering the modification
order. See Jenkins, 16 S.W.3d at 477. Although the trial court's conclusion of law did not
expressly state that circumstances had "materially and substantially" changed, the trial court
must have found that such a change had occurred, since the trial court modified the order by
giving Henry the sole right to determine K.A.S.B.'s primary residence. See Tex. Fam. Code
Ann. § 156.101. Accordingly, we overrule issues one and three.

Issue Two


 In her second issue, Leia argues the trial court "erred by excluding the substantive
testimony of the only mental health professional called to testify." After Henry's counsel
rested, Leia's attorney called licensed professional counselor Theresa Burbank to testify. 
Henry's counsel objected on the ground of surprise and asserted that Leia's attorney had not
timely supplemented discovery with information regarding Burbank. After both counsel took
Burbank on voir dire, the trial court sustained the objection regarding lack of adequate notice.
 Rule 193.5(b) of the Texas Rules of Civil Procedure provides as follows: "An
amended or supplemental [discovery] response must be made reasonably promptly after the
party discovers the necessity for such a response. Except as otherwise provided by these
rules, it is presumed that an amended or supplemental response made less than 30 days before
trial was not made reasonably promptly." Tex. R. Civ. P. 193.5(b). Matters regarding the
admissibility of evidence are within the sound discretion of the trial court. City of
Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). The record reflects that Leia's
counsel did not supplement discovery with Burbank's report until September 11, 2006, four
days before the final hearing was held. (2) Therefore, the trial court did not abuse its discretion
by excluding Burbank's testimony. See Tex. R. Civ. P. 193.5(b); Downer, 701 S.W.2d at
241-42. We overrule issue two and affirm the trial court's judgment.

 AFFIRMED.




 

 STEVE McKEITHEN

 Chief Justice



Submitted on April 12, 2007

Opinion Delivered July 26, 2007


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. In chambers, K.A.S.B. stated that Leia sometimes smokes around the child.
2. The witness interviewed the child four times beginning August 21, 2006, and
provided her report to Leia's counsel on September 11, 2006. Leia's counsel provided the
report to Henry's counsel the day it was received by them.