ACCEPTED
02-15-00335-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
10/29/2015 11:38:14 AM
DEBRA SPISAK
CLERK

# CAUSE NO. _____-CV

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
10/29/2015 11:38:14 AM
DEBRA SPISAK
Clerk

## IN THE FIFTH DISTRICT COURT OF APPEALS
### at Dallas, Texas

---

In the Interest of M.D.L., a Minor Child.

---

Appealed from the 442nd District Court of
Denton County, Texas

---

BRIEF OF APPELLANT MICHAEL A. LODISPOTO

---

*Michael A.
Lodispoto,Prose*

6805 Lebanon Rd., Apt 512
Frisco, Texas 75034
Tel: (214) 215-0275

Michael Lodispto, prose Appellant

ORAL ARGUMENT REQUESTED.

IDENTITY OF PARTIES AND COUNSEL

Child:                                           **Michael D. Lodispoto**

Appellant:                                       Michael A. Lodispoto

Appellate Counsel for Appellant:      Michael A. Lodispoto, pro se
                                                 6805 Lebanon Rd. Apt. 512
                                                 Frisco, Texas  75034
                                                 Tel: (214) 215-0275

Appellee:                                        Adi Ruvolo

Trial Counsel for Appellee:              Julia Henry
                                                 Texas Bar No. 00787678
                                                 Geary Porter & Donovan, L.L.C.
                                                 16475 Dallas, Parkway, Suite 400
                                                 Dallas, Texas 75225
                                                 Tel: (972) 931-9901
                                                 Fax: (972) 931-9208

# TABLE OF CONTENTS

Identity of Parties and Counsel ........................................................................ ii

Table of Contents ...................................................................................... iv

Index of Authorities ..................................................................................

Statement of the Case .................................................................................

Issues Presented for Review ..........................................................................

Statement of Facts ....................................................................................

Summary of the Argument ................................................................................

Argument ...............................................................................................

    I.     The doctrine of invited error bars Father from challenging the
           sufficiency of the evidence on appeal .............................................. .

    II.    Father is precluded from challenging the trial court's findings that a
           material and substantial change of circumstances occurred
           because Father judicially admitted such change of
           circumstances in his pleadings. .....................................................

      A.        Father presents a legal sufficiency complaint. .............

      B.        The modification standard requires a showing of a change
              of circumstances to open the prior order for modification;
              there is no requirement for a party to provide evidence of
              a separate change of circumstances as to each subpart of
              the prior order. ..........................................................

      C.        The best interest of the child standard controls the
allocation of the rights and duties to the child among the parents ..........

      D.        Prayer ...............................................................

VI.     Trial court did  abuse its discretion in awarding child support in excess of the guidelines provided by the Texas Family Code. (Responsive to Father's 1' Issue Presented)  ...................................

   A.     The complaint is one of legal sufficiency of the evidence as part of the overall abuse of discretion analysis..................................

   B.     Both parties plead for modification of the support obligation, judicially admitting that a change of circumstances occurred sufficient to support modification.  .........................................

   C.     The evidence supports does not the trial court's decision to award child
          support in excess of the guidelines..  .....................................

Certificate of Service ...................................................................................................

# INDEX OF AUTHORITIES

## Cases

*Bluestar Energy, Inc. v. Murphy,* 205 S.W.3d 96 (Tex. App. — Eastland 2006, pet. denied) ........................................................................................

*Bradford v. Vento,* 48 S.W.3d 749 (Tex. 2001) .......................................................

*Carter v. William Sommerville and Son, Inc.,* 584 S.W.2d 274 (Tex.1979).. ..............

*Cass vStephens,*156 S.W.3d 38 (Tex. App. — El Paso 2004, pet. denied).

*Casteel-Diebolt v. Diebolt,* 912 S.W.2d 302 (Tex.App. — Houston [14`ᵗ' Dist.] 1995,

no writ) ..........................................................................                    ,

*City of Keller v. Wilson,* 168 S.W.3d 802 (Tex. 2005).............

*Croucher v. Croucher,* 660 S.W.2d 55 (Tex. 1983) .................                            ,

*Dallas County v. Sweitzer,* 881 S.W.2d 757, 770 (Tex. App. — Dallas, 1994, writ. denied.) ............................................................................................

*Dallas Morning News Co. v. Board of Trustees Dallas !SD,* 861 S.W.2d 532(Tex. App. — Dallas 1993, writ denied) ..........................................................................

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)..................................

*D.R. v. J.A.R.,* 894 S.W.2d 91 (Tex. App. — Fort Worth 1995, writ denied). . ... . ..

*Fair v. Davis,* 787 S.W.2d 422 (Tex. App. — Dallas 1990, no writ)...............................

*Gentry v. Squires Constr. Inc.,* 188 S.W.3d 396 (Tex. App. — Dallas 2006, no pet.)

*Hodson v. Keiser,* 81 S.W.3d 363(Tex. App. — El Paso 2002, no pet.).. . .

*Holley v. Adams,* 544 S.W.2d 367(Tex. 1976) ..........................................................

*Interest of D. M. D. ,* 2009 WL 280465 (Tex. App. — Dallas 2009, reh'g over ruled). .

*In the Interest of Gonzalez,* 993 S.W.2d 147 (Tex. App. – San Antonio 1999, no pet⌐................................................................................................

*Jenkins v. Jenkins,* 16 S.W.3d 473 (Tex. App. – El Paso 2000, no pet.)... . . .............

*Jones v. Strayhorn,* 321 S.W.2d 290 (Tex. 1959) ........................................ .

*Keith v. Keith,* 221 S.W.3d 156 (Tex. App. – Houston [1st Dist.] 2006, no pet.). . .

*Landon v. Jean-Paul Budinger, Inc.,* 724 S.W.2d 931 (Tex. App. – Austin 1987, no writ) .......................................................................................

*Lenz v. Lenz,* 79 S.W.3d 10 (Tex. 2002) ....................................................

*Lindsey v. Lindsey,* 965 S.W.2d 589 (Tex. App. – El Paso 1998, no pet.). . ...............

*McKenzie v. Carte,* 385 S.W.2d 520 (Tex. Civ. App. – Corpus Christi 1964, writ ref d n . r . e .,

*Moroch v. Collins,* 174 S.W.3d 849 (Tex. App. – Dallas 2005, pet. denied). ........................................................................ , ,

*Naguib v. Naguib,* 137 S.W.3d 367 (Tex. App. – Dallas 2004, pet. denied) .. .,

*Operation Rescue-National v. Planned Parenthood,* 937 S.W.2d 60 (Tex. App. – Houston [14th Dist.] 1996), *aff'd as modified on other grounds,* 975 S.W.2d 5 4 6 ( T e x . 1 9 9 8 )

*Palacios v. Palacios,* S.W.3d , 2009 WL 1653453 (Tex. App.—Amarillo 2009, no pet. h.) ........................................................................

*Pinnacle Homes, Inc. v. R.C.L. Offshore Engineering* Co., 640 S.W.2d 629 (Tex. App. – Houston [14th Dist.] 1982, writ ref d n.r.e . )

*Southwestern Bell Telephone* Co. *v. Johnson,* 389 S.W.2d 645 (Tex.1965)...............

*Starck v. Nelson,* 878 S.W.2d 302 (Tex. App. – Corpus Christi 1994, no writ)...

*Sterner v. Marathon Oil Co.,* 767 S.W.2d 686 (Tex. 1989) ......................................

*Thompson v. Thompson,* 827 S.W.2d 563 (Tex. App. — Corpus Christi 1992, writ denied) ................................................................................................

*Traweek v. Larkin,* 708 S.W.2d 942 (Tex. App. — Tyler 1986, writ.... refd n.r.e). .17, 19

*Worford v. Stamper,* 801 S.W.2d 108 (Tex.1990) .............

**Statutes:**

Tex. R. Civ. P. 298 ....................................................

., 

Tex. Fam. Code §153.001 ......................................................

Tex. Fam. Code §153.134(a) ................................................

Tex. Fam. Code §153.134(b) ................................................           ,

Tex. Fam. Code §154.125......................................................

Tex. Fam. Code §154.126......................................................

Tex. Fam. Code §154.183 ......................................................

Tex. Fam. Code §156.101(a)(1) .............................................

Tex. Fam. Code §156.401 ......................................................           ,

Tex. Fam. Code §156.402 ......................................................

**Secondary Authority**

W. Wendell Hall, *Standards of Review in Texas,* 29 St. Mary's L.J. 476-77 (1998) and Robert W. Calvert, *No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361(1960) 23, 24

## STATEMENT OF THE CASE

This appeal stems from proceedings before the 442' Judicial District Court,

as follows:

| 10/08/2006 | Divorce Entered in New York via Stipulated Settlement | 1 CR at pg 4 |
|---|---|---|
| 08/01/2011 | Mother and minor child moved to Denton County, Texas | |
| 12/16/2011 | Father moved to Denton County, Texas | |
| 11/02/2012 | Mother requests civil warrant be issued against father in Collin County, Texas | 2 CR pg 1 |
| 01/03/2013 | Father's *Petition Modify Parent Child Relationship* with Entry of Foreign Judgment filed | 1 CR at pg 1 |
| 01/04/2013 | *Mother goes to New York without serving or noticing father to obtain a New York Order changing custody and increasing child support to $1600/month.* Mother was forum shopping and made false statements under oath that father did not pay mother child support for seven years. | 1 RR at Pg 7, lines 7-25; Pg. 8 lines 1-25; Pg. 9 lines 9-18 |
| 03/22/2013 | Transcript from Denton County Court in which mother states, father "never paid" child support. | 2 RR at pg. 40, line 40 |
| 08/08/2013 | Father files First Amended Answer to Mother's Motion for Enforcement with cancelled checks signed by mother attached. | 3 CR with Exhibits. |
| 006/25/2015 | The 442nd held a hearing *on Father's Motion to Modify Custody, Decrease Child Support, and the validity of the 01/04/2013 New York Order.* | Requesting |

| | | |
|---|---|---|
| 2015 | Judge Tiffany Heartling renders her decision via email that denies all of father's request and to uphold a New York Order that requires father to pay $1600/ month in Child support instead of 20% of his income which is $267/ month. | Email from Court |

_____

See *In re?. Massourni,* No. 05-08-01074-CV; 2008 WL 4881328 (Tex. App. — Dallas) (orig. proceeding).

[2] See *Id.*

[3] Father filed no request for amended or additional findings of fact.

## ISSUES PRESENTED FOR REVIEW

I.      The doctrine of invited error bars Father from challenging the sufficiency of the evidence on appeal.

II.     Father is precluded from challenging the trial court's findings that a material and substantial change of circumstances occurred because Father judicially admitted such change of circumstances in his pleadings.

III.  Trial court did  abuse its discretion in awarding child support in excess of the guidelines provided by the Texas Family Code.

CAUSE NO. 05-_____

IN THE
FIFTH DISTRICT COURT OF APPEALS
at Dallas, Texas

_____

In the Interest of M.D.L., a Minor Child.

_____

Appealed from the 442 District Court of
Denton County, Texas

_____

BRIEF OF APPELLEE MICHAEL. A. LODISPOTO

_____

Appellant, MICHAEL A. LODISPOTO files this her *Appellant's Brief.* For convenience and continuity, Appellant, MICHAEL A. LODISPOTO, will be referred to herein as "Father"; Appellee, ADI RUVOLO, will be referred to herein as "Mother". The child the subject of this suit will be referred to herein as 'child".

Further, the Clerk's Record and Reporter's Record will be referred to herein as "CR" and "RR" respectively, preceded by volume reference and followed by page reference.

## STATEMENT OF FACTS

The litigation between Father and Mother initially began on January 3, 2013. (1 CR .) Final trial in the divorce was held on about October 8, 2006. (1 CR pg 4 and styled (Stipulated Settlement.) The initial decree was signed on about October 8, 2006. The trial court's final divorce order granted the parties joint managing conservatorship, with Mother having the right to determine the primary residence of the child and the parties having essentially equal parenting time with the child and standard shared rights and duties for joint managing conservators. (1 CR page 4.) Both parents were given the right, subject to the agreement of the other parent, to make educational decisions, consent to medical, dental and surgical treatment involving invasive procedures, and the right to consent to psychiatric and psychological procedures. (1 CR, page 4.) Father was ordered to pay $520/month in child support.

After seven years after the initial *Final Decree of Divorce in New York* was signed, Father filed a petition to modify in where Mother, Father, and child resided in Denton County Texas for the prior two years

After pending for over two years, the modification hearing for Temporary Orders was initially scheduled for June 25, 2015. Father was seeking to Quash the January 4, 2013 Order New York Order because New York did not have jurisdiction at the time but Denton County, Texas did and does have jurisdiction. Father was not

noticed or served with the New York suit changing custody, child support, and reducing Father's visitation to supervised without any extenuating circumstances.

Mother filed a civil counter-suit against Father in September, 2012 in Collin County, Texas and requested the Court serve Father at his residence at 6805 Lebanon Rd, Apt 512, Frisco, Texas 75034. Mother subsequently requested a "Writ of Attachment" be issued against father (2 CR page 1) on November 2, 2012 at his residence at 6805 Lebanon Rd., Apt, 512, Frisco, TX 75034 in Denton County, Texas.

On or about December, 2012, Mother files a Modification Suit against Father in Queens New York and issued service on an African American Female. Father is a Caucasian Male.

At the January 4, 2013, hearing, the evidence presented showed many uncertainties false statements about Father. Mother testified that Father was not making child support payments and had not made payments for years. Father obtained the cancelled check endorsed by Mother in excess of the amount of child support she was owed.

Evidence was presented at hearing that Father's income was $10/hour with a 40 hour work week which is an annual income of approximately $20,800.00, for the years of 2014, $10,000 for 2013, and $25,628 for 2012, respectively. (2 RR.) Further, Father admitted that had he not lost so much money through lawsuit filed by Mother in Collin County, Texas.

At the conclusion of the hearing, the judge determined that entry of a temporary order without any findings of fact or conclusion of law.

In the *Interim Temporary Orders,* the judge maintained the restriction on the Father's visitation, denied his request for a decrease in child support, upheld an uncertified foreign judgment from a New York Court that clearly did not have jurisdiction over the parties nor the child. Judge in her email ruling denied any hearings in the 442nd Judicial District Court until the final trial which to date is not set. Father is precluded from access to the Trial Court based upon Judge Tiffany Heartling's ruling barring Father from a hearing. Requesting CR.)

## SUMMARY OF THE ARGUMENT

Father complains that the evidence was insufficient to support the trial court's judgment modifying the parties' divorce decree, thus rising to the level of an abuse of the trial court's discretion. Father complains that there was evidence of the required prerequisite of a material and substantial change of circumstances where he judicially admitted such a change existed in his pleadings. The evidence is sufficient to support Father's complaint that the trial court's decision, largely denying Father's requested modification based on his failure to provide evidence in support of his request for relief, and granting Mother's request based on hearsay evidence. The trial court had sufficient evidence upon which to base her decision and, based on that evidence, did not reach a result that was reasonable, so she did abuse her discretion. The trial court's judgment should be reversed and remanded.

-16-

ARGUMENT

I    The doctrine of invited error bars Father from challenging the sufficiency
of the evidence on appeal.

The concept of invited error not only is well established in Texas jurisprudence, but also prevents a litigant from complaining about mistakes that he helped cause. *Palacios v. Palacios,* S.W.3d , 2009 WL 1653453 (Tex. App.—Amarillo 2009, no pet. h.) ; *Bluestar Energy, Inc. v. Murphy,* 205 S.W.3d 96, 101 (Tex. App. — Eastland 2006, pet. denied); *Keith v. Keith,* 221 S.W.3d 156, 163 (Tex. App. — Houston [1st Dist.] 2006, no pet.); *see also Naguib v. Naguib,* 137 S.W.3d 367, 376 (Tex. App. — Dallas 2004, pet. denied.) ("a party to a lawsuit cannot ask something of a trial court and then complain on appeal that the trial court committed error in granting that party's request"); *Dallas County v. Sweitzer,* 881 S.W.2d 757, 770 (Tex. App. — Dallas, 1994, writ. denied.) ("A party cannot complain on appeal of action which he induced or allowed"). This rule is grounded in even justice and dictated by common sense. *Naguib,* 137 S.W.3d at 376.

A court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the

earlier of the date of the rendition of the order, or the date of signing of a mediated or collaborative law settlement agreement on which the order is based. Tex. Fam. Code §156.101(a)(1). Where, as here, both parties have filed competing petitions seeking modification of the prior orders and both parties allege a change of circumstances, then both parties have judicially admitted a change of circumstances exists to warrant modification of the prior order without further proof of such circumstances at trial. *See Thompson,* 827 S.W.2d at 566 and *Casteel-Diebolt,* 912 S.W.2d at 305.

Any modification of the prior orders must also be in the best interest of the child. The non-exclusive factors to consider when determining the child's best interest in a conservatorship proceeding include, but are not limited to:

1.  The desires of the child;
2.  The emotional and physical needs of the child now and in the future;
3.  The emotional and physical danger to the child now and in the future;
4.  The parental abilities of the individuals seeking custody;
5.  The programs available to assist these individuals to promote the best interest of the child;
6.  The plans for the child by these individuals or by the agency seeking custody;
7.  The stability of the home or proposed placement;
8.  The acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
9.  Any excuses for the acts or omissions of the parent.

*Holley v. Adams,* 544 S.W.2d 367, 271-72 (Tex. 1976). Further, consideration of best interest requires the court to give deliberate though to and weigh all facts and circumstances that bear directly or indirectly on a child, including but not limited to present or future physical, mental, emotional, educational, social, disciplinary, and

moral welfare, well-being, stability, and developmental needs. *Fair v. Davis,* 787

S.W.2d 422, 428-29 (Tex. App. — Dallas 1990, no writ).

In determining whether to order joint managing conservatorship, a court should consider the following factors (applicable to an original suit, but instructive in a modification proceeding as well):

1. Whether the physical, psychological, or emotional needs and development of the child will benefit from the appointment of joint managing conservators;

2. The ability of the parents to give first priority to the welfare of the child and reach shared decisions in the child's best interest;

3 Whether each parent can encourage and accept a positive relationship between the child and the other parent;

 Whether both parents participated in child rearing before the filing of the suit;

5. The geographical proximity of the parents' residences;

6. If the child is 12 years of age or older, the child's preference, if any, regarding the person to have the exclusive right to designate the primary residence of the child; and,

7. Any other relevant factor.

Tex. Farn. Code §153.134(a). In rendering an order appointing joint managing conservators, the court shall:

1. Designate the conservator who has the exclusive right to determine the primary residence of the child and

    a. Establish, until modified by further order, a geographic area within which the conservator shall maintain the child's primary residence; or

-19-

b.    Specify that the conservator may determine the child's primary residence without regard to geographic location;

2    Specify the rights and duties of each parent regarding the child's physical care, support and education;

3.    Include provisions to minimize disruption of the child's education, daily routine, and association with friends;

Allocate between the parents, independently, jointly, or exclusively, all of the remaining rights and duties of a parent as provided by Chapter 151; and,

5.    If feasible, recommend that the parties use an alternative dispute resolution method before requesting enforcement or modification of the terms and conditions of the joint conservatorship through litigation, except in an emergency.

Tex. Fam. Code §153.134(b). The trial court retains broad discretion in crafting the rights and duties of each conservator so as to effectuate the best interest of the child. *Jenkins v. Jenkins,* 16 S.W.3d 473, 482-83 (Tex. App. — El Paso 2000, no pet.).

In the context of relocation cases, the Texas Supreme Court instructs that the public policies outlined in §153.001(a) should be considered. *Lenz v. Lenz,* 79 S.W.3d 10, 14 (Tex. 2002). Section 153.001 states that the public policy of the State of Texas is to:

1.    Assure that children will have frequent and continuing contact with parents who have shown an ability to act in the best interest of the child;

2.    Provide a safe, stable and nonviolent environment for the child; and,

3.    Encourage parents to share in the rights and duties of raising their child after the parents have separate or dissolved their marriage.

Tex. Fam. Code §153.001. The *Lenz* court also noted that a wide array of other factors can be relevant to the determination of a child's best interest after parental relocation. These include the reasons for and against the move; the education, health, and leisure opportunities afforded by the move; the accommodation of the child's special needs or talents; the effect on extended family relationships; the effect on visitation and communication with the noncustodial parent; the noncustodial parent's ability to relocate; and the child's age. *Lenz,* 79 S.W.3d at 15-16.

**VI.** **Trial court did abuse its discretion in awarding child support in excess of the guidelines provided by the Texas Family Code. (Responsive to Father's 1[5`] Issue Presented)[?]**

Father complains that the trial court ordered him to pay child support in excess of the guidelines including a percentage that is in access of !00% of his annual income. 2 RR) He complains that there is no evidence to support any proven need of the child in excess of the child support guidelines. In addition, Father appears to also complain that there is no evidence to support the trial court's allocation of uninsured medical expenses.

A. <u>The complaint is one of legal sufficiency of the evidence as part of the overall abuse of discretion analysis.</u>

As acknowledged herein, in family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standard of review; as a result,

_____

[?]While Father's attempts to argue that the trial court's order with respect to private school tuition is "too vague to be enforceable", such argument is inappropriate as this is not an enforcement action. Vagueness of an order does not amount to error on the part of the trial court, and various remedies with respect to clarification are available pursuant to the Texas Family Code in order to address this issue should it arise. (See Appellant's Brief at 21.)

legal and factual sufficiency are not independent grounds of reversible error, but instead constitute factors relevant to the assessment of whether the trial court abused its discretion. *Moroch,* 174 S.W.3d at 857.

Where the appellant complains of a ruling on an issue raised and requested by the opposing party, the complaint is one of no-evidence. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983). The appellant must show that there is no evidence supporting the challenged element, the evidence is no more than a scintilla, the evidence establishes the opposite of the challenged element, or that the court is barred by law or rules of evidence from considering the only evidence offered to prove the challenged element. *City of Keller v. Wilson,* 168 S.VV.3d 802, 810 (Tex. 2005). The scope of review requires the appellate court to give credit to evidence favorable to the decision where reasonable and disregard evidence to the contrary unless a reasonable fact-finder could not. *Id.* at 827.

B.      Both parties plead for modification of the support obligation, judicially admitting that a change of circumstances occurred sufficient to support modification.

A court may modify an order that provides for a child support obligation if the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of the date of the rendition of the order, or the date of signing of a mediated or collaborative law settlement agreement on which the order is based, or if it has been three years since the order was rendered or last modified. Tex. Fam. Code §156.401. Where, as here, both

-23-

parties have filed competing petitions seeking modification of the prior child support orders (2 CR 237, 265) and both parties allege a change of circumstances, then both parties have judicially admitted a change of circumstances exists to warrant modification of the prior order without further proof of such circumstances at trial. *See Thompson,* 827 S.W.2d at 566 and *Casteel-Diebolt,* 912 S.W.2d at 305.

Where the obligor's net resources exceed the guideline support level in §154.125, the court must first apply the guidelines to the portion of net resources that does not exceed that amount, then the court "may order additional amounts of child support as appropriate, depending on the income of the parties and the proven needs of the child". Tex. Fam. Code §154.126. The statute mandates that the court must only *consider* the needs of the child and the parties' income in arriving at that decision, and that the amount allocated cannot *exceed* the proven needs of the child. *Id.* The trial court retains the discretion to decide within those parameters the amount of support over the guidelines. *Id.*

The proper calculation for support over the guidelines begins with consideration of the guideline amount as compared to the proven needs of the child, then the trial court must allocate between the parties the responsibility to meet the additional needs of the child according to their circumstances. *Id.*

C.   The evidence supports the trial court's decision to award child support in excess of the guidelines.

.24-

There was no finding at that time that the amount of child support awarded to Mother was in accordance with the guidelines of the Texas Family Code.

At the time of trial, the disparity in the parties incomes continued to exist, with Father making approximately $20,800.00 in the previous year and Mother making approximately $65,000.00 over the same time period.

Father complains that the regular monthly child support obligation ordered by the trial court of $1,600 per month exceeds the application of the guidelines to the first amount of net resources under the law applicable at the time his initial modification was filed. Mother contends that, even if Father's position is correct regarding the applicable law in effect at the time of the filing of the initial modification suit, the evidence does not support providing child support in excess of the guidelines so his complaint is valid.

Even so, the trial court had the discretion to apply the guidelines according to the law that came into being after his initial modification suit was filed. Section 156.402 provides that, where the amount of support contained in the order does not substantially conform with the guidelines, the court may modify the support obligation to conform to the guidelines. Tex. Fam. Code §156.402. Further, it is a waste of judicial economy and resources to set a guideline child support amount in a final order that becomes modifiable under the law the minute it is set. The trial court could easily have taken judicial notice of the previous law and the current law and set the child support amount in such a way that it reduced the amount of litigation

between the parties instead of exacerbating it.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, MICHAEL A. LODISPOTO, Appellant, prays this Court reverse and remand the judgment of the trial court.

Respectfully submitted,

/s/ Michael Lodispoto

_____

**Michael Lodispoto**T
Prose
6805 Lebanon Rd.
Apt 512
Frisco, Texas 75034
Tel: (214) 215-0275
Email: lodispoto@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on Julia Henry, counsel for Appellee ADI RUVOLO, via e file service pursuant to the Texas Rules of Appellate Procedure on October 27, 2015.

/s/ Michael Lodispoto

*Michael A. Lodispoto*